Filed 10/27/14  In re A.C. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re A.C., a Person Coming Under the Juvenile Court Law. | |
| SAN FRANCISCO HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHELLE C.,<br><br>        Defendant and Appellant. | A141272<br><br>(San Francisco County Super. Ct. No. JD-13-3132) |

Michelle C., the mother of A.C., appeals from the orders denying her Welfare and Institutions Code[1] section 388 petition and terminating her parental rights.  She contends that the juvenile court abused its discretion in denying her section 388 petition requesting reunification services and that the court's denial of the petition undermined the constitutionality of the section 366.26 hearing.  We affirm.

## I.  FACTUAL BACKGROUND

On May 13, 2013, a section 300 petition was filed alleging that parents have a substance abuse problem which impedes their ability to safely parent A.C.  The petition alleged that father[2] suffered a seizure while at a shopping mall with A.C. and was unable

---

[1] All further statutory references are to the Welfare and Institutions Code.

[2] Father has not filed an appeal in this matter.

1

to speak or control his extremities and mother was found unresponsive in her car, extremely lethargic and unable to speak. The petition further alleged that parents' rights were terminated as to A.C.'s sibling, who was the subject of a prior dependency and had since been adopted. A.C. was detained and placed in the home of the paternal aunt.

The San Francisco Human Services Agency's (the Agency) report for the jurisdiction/disposition hearing recommended that the allegations of the petition be sustained. It noted parents' long-standing history of narcotics addiction to Soma,[3] a muscle relaxant. They had been discharged from the Jelani House program because of the risk that they were using Soma on the premises. The Agency recommended that parents be bypassed for reunification services pursuant to section 361.5. At the time of the Agency's addendum report in August 2013, parents had entered the Walden House residential programs at different sites. Mother had tested positive for Soma on July 8, 2013 and had missed drug tests on July 16 and 19.

On August 16, 2013, parents did not contest jurisdiction and submitted to the allegations of the petition as amended. The court found that parents had made minimal progress in mitigating the causes necessitating the dependency. The court bypassed reunification services for parents based on their failure to reunify with A.C.'s sibling. The court ordered placement of A.C. with the paternal aunt, and set a section 366.26 hearing.

On November 15, 2013, mother filed a request pursuant to section 388 for an order granting her reunification services. She alleged that she had been in residential treatment for over three months and that she was sober since July 2013. She also stressed that she had "an extremely close bond" with A.C. She included copies of negative drug test results for late July to September which noted missed tests on July 19, July 22, and August 19. She also included certificates of completion in classes for coping with stress triggers, motivation, and relapse prevention. The court set the matter for a hearing to

---

[3] Soma is the trade name for the prescription drug carisoprodol.

determine whether a prima facie showing had been made. The hearing was set for the same date as the section 366.26 hearing.

The Agency recommended that the section 388 request be denied because A.C. was now in a stable and loving placement and mother had failed to reunify in the past and had been unable to overcome her addiction. In its report for the section 366.26 hearing, the Agency recommended that parental rights be terminated and that adoption be approved as the permanent plan. A.C. was thriving in her placement with her paternal aunt who, together with her husband, wished to adopt her.[4]

The hearing on the section 388 request proceeded on January 14, 2014. Mother testified that she was currently living in the Women's Hope residential treatment program and had been there since September 26, 2013. She had entered the Health Right 360 program on July 29, 2013, and had been sober since the end of July. She was excelling in the Women's Hope program, had completed several classes, and held a senior position in the house. She was also participating in the Dependency Drug Court and was being tested for substance abuse on a random basis. She had last tested positive on July 8, 2013. She realized that she wanted to live drug-free and was working on her recovery for herself as opposed to doing the program at the behest of a family member or someone else. She was visiting A.C. once a month. She acknowledged that her two older daughters had been removed from her care.[5]

On cross-examination, she admitted that she had previously been sober for seven months in 2010 as a result of another dependency case, but that she had relapsed. She also admitted using Soma for the past 13 years.

---

[4] The record indicates that the paternal aunt is married but has lived in the home of the paternal grandparents in order to provide A.C. with stability. Her husband is also very involved with A.C. and is hoping to adopt her, though he resides in Berkeley to be close to his employer.

[5] The Agency's report indicates that the eldest daughter, age 12, was living with the maternal grandparents in a legal guardianship while the other daughter, age 6, was adopted.

Maryela Padilla, the Agency's protective service worker on the case, testified that she continued to recommend that reunification services not be offered to mother and that the section 366.26 hearing proceed with the permanent plan of adoption for A.C. Padilla testified that A.C. was doing very well in her current placement, she liked living with her aunt, and did not wish to live with mother.

The court denied the section 388 request, finding that there was not a material change in circumstances given that mother was only in the early stages of recovery and had a long history of addiction. The court also reasoned that the request was not in A.C.'s best interests.

The matter proceeded to the section 366.26 hearing. The court followed the Agency's recommendation of adoption, and terminated parents' parental rights.

## II. DISCUSSION

Mother contends that the trial court abused its discretion in denying her section 388 petition because she had addressed her addiction issues, had remained sober for five and a half months, and had separated herself from father who continued to abuse Soma.

"Section 388 permits a parent to petition the court on the basis of a change of circumstances or new evidence for a hearing to change, modify or set aside a previous order in the dependency. The parent bears the burden of showing both a change of circumstance exists and that the proposed change is in the child's best interests. [Citation.]" (*In re Casey D.* (1999) 70 Cal.App.4th 38, 47.) We may not disturb the decision of the juvenile court absent a clear showing that the court abused its discretion. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)

Mother argues that she demonstrated changed circumstances in that she acknowledged her addiction and has excelled in her substance abuse treatment program. She maintains that she has changed her life, has had five and a half months of sobriety and clean drug test results, has consistently attended her visits with A.C.,[6] and has severed her relationship with father.

---

[6] Mother is allowed one visit per month.

4

Mother's efforts, however, as positive as they are, do not constitute changed circumstances; at most, they show "changing circumstances" regarding mother's ability to remain drug free and to acquire the emotional stability necessary to safely parent a child. (*Casey D.*, *supra*, 70 Cal.App.4th at p. 49.) In denying the section 388 petition here, the court noted mother's long history of addiction and her past failures at recovery. The record shows that mother had relapsed in 2010 during a prior dependency case after seven months of sobriety and had two other children removed from her care. Thus, while we commend mother for acknowledging her drug abuse and commencing treatment in July 2013, the court could properly find she had not demonstrated a significant period of sobriety or stability to establish changed circumstances sufficient to warrant a modification of the court's order denying her reunification services. The court could reasonably find mother had only just begun addressing her problems, and thus her circumstances were only changing, not truly changed. (*Ibid.* [to be entitled to a hearing on a section 388 petition, parent must show the circumstances had changed, not that they were merely changing].)

Mother argues that she was not required to show "changed" circumstances versus "changing circumstances" nor was she required to show a "significant" change of circumstance. We disagree.

The court's finding that mother had failed to show "any material change in circumstances" was not contrary to the legislative intent of section 388. While mother had commenced recovery from her addiction, given her past failures at recovery and in particular, the removal of her two older daughters from her care, the court would have been remiss to further delay A.C.'s need for permanency. " '[C]hildhood does not wait for the parent to become adequate.' " (*In re Baby Boy L.* (1994) 24 Cal.App.4th 596, 610.)[7]

---

[7] Mother construes the Agency's statement that the court ordered a hearing to determine whether she had made a prima facie showing entitling her to relief as suggesting that the court never held a full hearing on her petition. The court held the requisite hearing below but found that mother had not met her burden of showing changed circumstances.

The record demonstrates that A.C. needs a stable and permanent home. She is fortunate to have a prospective adoptive home with her paternal aunt with whom she has lived since early May 2013. A.C. is very bonded with her aunt who wishes to adopt her. Her need for stability and permanence outweigh mother's interest in reunification. "At the point of these proceedings—on the eve of the section 366.26 permanency planning hearing—the [child's] interest in stability was the court's foremost concern and outweighed any interest in reunification." (*In re Edward H.* (1996) 43 Cal.App.4th 584, 594.) While mother made substantial progress in her treatment activities in the several months prior to the section 388 hearing, the court had before it a record of a 13-year history of serious substance abuse and prior failures at reunification. Given mother's history, A.C. needs the opportunity she has now for an adoptive home with her prospective adoptive parents who are providing her with a loving and supportive environment. The court properly denied mother's request for reunification services.[8]

### III.  DISPOSITION

The orders denying mother's section 388 petition and terminating her parental rights are affirmed.

---

[8] Mother's challenge to the court's order terminating her parental rights is based solely on an alleged erroneous denial of her section 388 petition. Inasmuch as the court's order denying the petition was proper, we affirm the court's order terminating parental rights.

_____
Rivera, J.

We concur:


_____
Reardon, Acting P.J.


_____
Bolanos, J.*


* Judge of the Superior Court of the City and County of San Francisco, assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution.